IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS CASTILLO,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; PERRY HOLLIS; MARTIN SCANLAN; DAVID SMITH; RON ROTH; COUNTY OF SAN MATEO; FRANK KASTELL; SHERYL WOLCOTT; and DOES 1–50,<br><br>    Defendants.<br>_____/ | No. C 05-00284 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO EXCLUDE DR. FRED BLACKWELL AS EXPERT** |

    The basic issue presented is whether a party can properly designate expert testimony under FRCP 26(a)(2)(A) by reserving a so-called "right" in boilerplate fashion to call any expert designated by the other side.

    In this Section 1983 excessive-force case, plaintiff moves for the exclusion of all testimony by Dr. Fred Blackwell, a physician who examined plaintiff Alexis Castillo, and of any reference to his opinions about the case of plaintiff's injuries. Although defendants Officer Perry Hollis and the City and County of San Francisco may call Dr. Blackwell to provide percipient testimony, he was not properly designated by defendants to give opinion testimony. He therefore may not offer opinion testimony nor may defendants refer to his opinions.

    Federal Rule of Civil Procedure 26(a)(2)(A) requires disclosure to the other side of the identity of any person who may be used at trial to present opinion evidence under Rule 702, 703 or 705 of the Federal Rules of Evidence. If a witness is retained or specially employed to

provide expert testimony, the disclosure must be accompanied by a written report prepared and signed by the witness. FRCP 26(a)(2)(B). As the 1993 Advisory Notes state, a treating physician ordinarily is not employed or specially retained and need not prepare a report so long as his or her name and identity are disclosed.

Dr. Blackwell was not retained or specially employed by either side. He was not a treating physician. He was a physician who performed an examination of plaintiff in connection with his claim for workers' compensation. Both sides designated Dr. Blackwell as a percipient witness. The issue is whether the defense can call Dr. Blackwell and inquire about his medical conclusions, namely a conclusion that eighty percent of the shoulder injury at issue here in was attributable to a prior, work-related accident, and twenty percent to the police handcuffing at issue herein.

Without question, this would be opinion testimony under Rule 702. Therefore, defendants were required to disclose him in their expert disclosures. The case management scheduling order required that such disclosures be made by October 28, 2005. Since he was not retained or specially employed, no expert report was required from Dr. Blackwell, as stated. That much is clear. But the issue remains whether he was ever disclosed at all as required by the rule. Defendants' expert disclosures did *not* name Dr. Blackwell. They did, however, add this language: "All experts designated by plaintiffs." This was in addition to several persons actually named and identified. In turn, plaintiff's disclosure named three retained experts. It also included this sentence: "In addition, plaintiff reserves the right to call any and all percipient witness physicians, including, but not limited to, Dr. Blackwell, any experts disclosed by defendants and any other experts that they may be permitted to call by the Federal Rules of Civil Procedure." In other words, like two mirrors reflecting into each other, both sides asserted a supposed right to call any expert disclosed by the other side, although plaintiff's notice at least named Dr. Blackwell.

Plaintiff's counsel asserts that this sentence limited Dr. Blackwell's testimony to percipient facts. It is true that the sentence used the word "percipient" but it is also true that the disclosure itself was part of the *expert* disclosure. This appears to the Court to have been a

2

calculated ambiguity leaving the door open to seek expert opinion from the doctor along with percipient facts. It has turned out that plaintiff will not call Dr. Blackwell after all. The defense wishes to do so.

For the Court, the more fundamental issue is whether generalized incorporations by reference to the other side's disclosures are adequate at all. Again, remember that defendants merely stated, "All experts disclosed by plaintiffs." (Actually, the notice should have said "plaintiff" not "plaintiffs," because there is only one plaintiff in the case. The use of the plural underscores the boilerplate character of the wording.)

This order holds that such a disclosure at most allows the defense to ask opinion questions on cross-examination of witnesses otherwise called to the stand by plaintiff, and vice versa. It did not fairly give notice that the defense would call such persons, even if uncalled by the other side.

There are two good reasons for this ruling. *First*, to rule otherwise would mean that the defense by its incorporation by reference was vouching for the expert qualifications of every person so designated and waiving any challenge to the qualification of designated experts. Yet both sides in litigation regularly challenge the opposing side's experts, including those like Dr. Blackwell who do not have to give a report. Therefore, the incorporation cannot be deemed to be anything more than notice that the defense intends to ask expert opinion questions on cross-examination of the witnesses noticed and called by the other side, possibly even exceeding the scope of the direct examination. As to such witnesses, the qualifications presumably will have been proven up and accepted during the direct examination.

*Second*, any other holding will defeat the purpose of the disclosure rule. The purpose is to give each side clear notice of who will be giving opinion testimony in the respective cases-in-chief so that each side can prepare to respond, including taking depositions. A vague cross-reference to the other side's witnesses does not provide that notice. This is especially so because counsel often insert vague, ambiguous and flexible caveats, reserving the supposed right to call generalized categories of witnesses. These insertions have little or no practical effect. Clearcut notice is required. Incorporating them into the other side's disclosure by

reference would have even less practical effect. Therefore, this order holds that the defense disclosure did not adequately put plaintiff on notice that it intended to call Dr. Blackwell in its case-in-chief and to ask Rule 702, 703 or 705 opinion questions.

This, however, does not end the matter. Under Rule 37(c)(1) and under Rule 26, the court has the discretion to allow a late or supplemental disclosure. Rule 37(c)(1) requires preclusion unless the failure to disclose was harmless or there was substantial justification for the late disclosure. Here, the late disclosure is not harmless. If plaintiff had known that defendants were seeking to use Dr. Blackwell for an opinion, they presumably would have taken his deposition. The Court has been informed that he was not deposed and that plaintiff did not retain an expert to meet the problem. Possibly, they would have brought a motion in limine to bar his opinion as lacking adequate foundation under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), or other authority. In that connection, a deposition would have been most helpful. And there is no substantial justification for the late disclosure within the meaning of Rule 37(c). The defense knew about the doctor's 80/20 opinion by the time of plaintiff's deposition yet defense counsel neglected to disclose that they would seek to use opinion evidence from Dr. Blackwell in their expert disclosure.

Finally, there is little prejudice to defendants. They have already retained and will present a different medical expert on the same subject. To bring in Dr. Blackwell would, to a degree, be cumulative, at least as to expert opinion.

This motion was made on the first day of trial. This order was delivered orally on the third day of trial.[*] It is possible that the evidence will yet develop in a way that will create a substantial justification for allowing defendants to call Dr. Blackwell. Therefore, this order is without prejudice to reconsideration based on facts developing between now and the end of the trial. Finally, of course, this order does not bar either side from calling Dr. Blackwell as a percipient witness subject to other objections under Rule 403 or otherwise. This order,

---

[*] This written order, issued on the fourth day of trial, closely tracks the oral order.

4

however, does bar Dr. Blackwell from being called as a defense witness to give opinion testimony.

**IT IS SO ORDERED.**

Dated: March 9, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE