**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALEXIS CASTILLO,

    Plaintiff,

  v.

CITY AND COUNTY OF SAN FRANCISCO, and PERRY HOLLIS,

    Defendants.

                              /

No. C 05-00284 WHA

**DRAFT JURY INSTRUCTIONS NO. 2**

**PROVIDED TO THE PARTIES AT APPROXIMATELY NOON, MARCH 10, 2006.**

**THE CHARGING CONFERENCE WILL BE HELD AT 7:30 A.M., MARCH 13, 2006.**

1.

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

2.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

3.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return — that is a matter entirely up to you.

4.

The evidence from which you are to decide what the facts are consists of:

(1)   the sworn testimony of any witness;

(2)   the exhibits which have been received into evidence; and

(3)   any facts to which the lawyers have agreed or stipulated.

5.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)   Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to

1  help you interpret the evidence, but it is not evidence. If the facts
2  as you remember them differ from the way the lawyers have stated
3  them, your memory of them controls.
4  (2) Questions and objections by lawyers are not evidence. Attorneys
5  have a duty to their clients to object when they believe a question
6  is improper under the rules of evidence. You should not be
7  influenced by the objection or by the court's ruling on it.
8  (3) Testimony that has been excluded or stricken, or that you have
9  been instructed to disregard, is not evidence and must not be
10 considered. In addition some testimony and exhibits have been
11 received only for a limited purpose; where I have given a limiting
12 instruction, you must follow it.
13 (4) Anything you may have seen or heard when the court was not in
14 session is not evidence. You are to decide the case solely on the
15 evidence received at the trial.

6.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

7.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

3

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

8.

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

9.

In examining an expert witness, counsel may ask a hypothetical question. This is a question in which the witness is asked to assume the truth of a set of facts, and to give an opinion based on that assumption.

In permitting this type of question, the court does not rule, and does not necessarily find that all the assumed facts have been proved. It only determines that those assumed facts are within the possible range of the evidence. It is for you to decide from all the evidence whether or not the facts assumed in a hypothetical question have been proved. If you should decide

that any assumption in a question has not been proved, you are to determine the effect of that failure of proof on the value and weight of the expert opinion based on the assumed facts.

10.

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

11.

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

12.

You may consider whether a party failed to explain or deny some unfavorable evidence. Failure to explain or to deny unfavorable evidence may suggest that the evidence is true.

13.

Discrepancies in a witness's testimony or between a witness's testimony and that of other witnesses, if there were any, do not necessarily mean that any witness should be discredited. Failure of recollection is common. Innocent misrecollection is not uncommon. Two persons witnessing an incident or a transaction often will see or hear it differently. You should consider whether a discrepancy pertains to an important matter or only to something trivial.

14.

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

15.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

16.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

17.

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

18.

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

19.

On any claim, if you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff on that claim, unless you also find that the defendant has proved an affirmative defense, in which event your verdict should be for the defendant on that claim.

20.

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

(1) The nature and extent of the injuries;
(2) The disability, disfigurement, loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;
(3) The mental, physical, emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;
(4) The reasonable value of necessary medical care, treatment, and services received to the present time;

7

(5) The reasonable value of necessary medical care, treatment, and services which with reasonable probability will be required in the future;

(6) The reasonable value of wages, earnings, earning capacity, salaries, employment and employment opportunities lost before plaintiff returned to work on January 26, 2005;

(7) The reasonable value of necessary expenses required to the present time;

(8) The reasonable value of necessary expenses which with reasonable probability will be required in the future;

21.

The plaintiff has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

22.

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

(1) that the plaintiff failed to use reasonable efforts to mitigate damages; and

(2) the amount by which damages would have been mitigated.

23.

The law which applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

24.

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are not to compensate the plaintiff, but to punish a defendant and to deter a defendant and others from committing similar acts in the future. Punitive damages in this case would be available only against Officer Hollis. Punitive damages may not be awarded against the City and County of San Francisco.

The plaintiff has the burden of proving, by a preponderance of the evidence, that punitive damages should be awarded. You may award punitive damages only if you find that defendant's conduct was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety and rights, or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the person who performs or fails to perform it injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

If you find that defendant Hollis's conduct was malicious, oppressive or in reckless disregard of the plaintiff's rights, you will determine the proper amount of punitive damages in later deliberations. You do not need to calculate the amount of damages now.

25.

The conduct of a defendant is a cause of harm to plaintiff if it is a substantial factor in causing the harm. A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

9

26.

On the plaintiff's excessive-force claim, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

    (1)    the acts or omissions of the defendant were intentional;

    (2)    the defendant acted under color of law; and

    (3)    the acts or omissions of the defendant were the cause of the deprivation of the plaintiff's rights protected by the Constitution or laws of the United States.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant. The parties have stipulated that defendants acted under color of law.

27.

The plaintiff claims the defendant, by using excessive force in making a lawful arrest, deprived the plaintiff of the Fourth Amendment constitutional right to be free from an unreasonable seizure.

A law enforcement officer has the right to use such force as is reasonably necessary under the circumstances to make a lawful arrest. An unreasonable seizure occurs when a law enforcement officer uses excessive force in making a lawful arrest. In deciding whether excessive force was used, you should consider the totality of the circumstances at the time. The reasonableness of a particular use of force must be judged objectively from the information available at the time from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.

Whether force is reasonably necessary or excessive is measured by the force a reasonable and prudent law enforcement officer would use under the circumstances. Some of the things you may want to consider in determining whether the defendant used excessive force are the severity of the crime at issue, whether the plaintiff posed a reasonable threat to the safety of

the officer or others, and whether the plaintiff was actively resisting detention or attempting to escape.

28.

When a plaintiff is deprived of a constitutional right as a result of the official policy of a city and county, the city and county is liable for damages caused by the deprivation.

"Official policy" means:

(1) a rule or regulation promulgated, adopted or ratified by the governmental entity's legislative body;

(2) a policy statement or decision that is officially made by the city and county's policy-making official; or

(3) a custom that is a permanent, widespread, well-settled practice that constitutes a standard operating procedure of the city and county; or

(4) an act or omission ratified by the city and county's policy-making official.

29.

On the plaintiff's claim for failure to train, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

(1) the city and county's training program on use of force and handcuffing was not adequate to train its officers employees to properly handle the usual and recurring situations with which they must deal;

(2) the city and county was deliberately indifferent to the need to train its officers employees adequately; and

(3) the failure to provide proper training was the cause of the deprivation of the plaintiff's rights under the Constitution to be free from excessive force.

1  "Deliberate indifference" is the conscious or reckless disregard of the consequences of
2  ones acts or omissions. To establish deliberate indifference, the plaintiff must prove that the
3  defendant knew that the plaintiff faced a substantial risk of serious harm and disregarded that
4  risk by failing to take reasonable measures to correct it.
5  If you find that each of the elements on which the plaintiff has the burden of proof has
6  been proved, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed
7  to prove any of these elements, your verdict should be for the defendant.