IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALEXIS CASTILLO,

    Plaintiff,                        No. C 05-00284 WHA

  v.

CITY AND COUNTY OF SAN FRANCISCO and PERRY HOLLIS,

    Defendants.

                                  /

**DRAFT JURY INSTRUCTIONS NO. 3**

**PROVIDED TO THE PARTIES AT 12:30 P.M., SUNDAY, MARCH 12, 2006.**

**THE CHARGING CONFERENCE WILL BE HELD AT 7:30 A.M., MONDAY, MARCH 13, 2006.**

1.

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

2.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

3.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return — that is a matter entirely up to you.

4.

The evidence from which you are to decide what the facts are consists of:

(1) The sworn testimony of any witness;

(2) The exhibits which have been received into evidence; and

(3) Any facts to which the lawyers have agreed or stipulated.

5.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help

2

you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

6.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

7.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

3

In considering the testimony of any witness, you may take into account:

(1) The opportunity and ability of the witness to see or hear or know the things testified to;

(2) The witness's memory;

(3) The witness's manner while testifying;

(4) The witness's interest in the outcome of the case and any bias or prejudice;

(5) Whether other evidence contradicted the witness's testimony;

(6) The reasonableness of the witness's testimony in light of all the evidence; and

(7) Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

8.

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions. Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

9.

In examining an expert witness, counsel may ask a hypothetical question. This is a question in which the witness is asked to assume the truth of a set of facts, and to give an opinion based on that assumption. In permitting this type of question, the court does not rule, and does not necessarily find that all the assumed facts have been proved. It only determines that those assumed facts are within the possible range of the evidence. It is for you to decide from all the evidence whether or not the facts assumed in a hypothetical question have been proved. If you should decide that any assumption in a question has not been proved, you are to determine the

4

1  effect of that failure of proof on the value and weight of the expert opinion based on the assumed
2  facts.

3                                              10.

4    Certain charts and summaries that have not been received in evidence have been shown
5  to you in order to help explain evidence in the case.  They are not themselves evidence or proof
6  of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the
7  case, you should disregard these charts and summaries and determine the facts from the
8  underlying evidence.

9                                              11.

10    You may consider whether a party failed to explain or deny some unfavorable evidence.
11  Failure to explain or to deny unfavorable evidence may suggest that the evidence is true.

12                                              12.

13    Discrepancies in a witness's testimony or between a witness's testimony and that of other
14  witnesses, if there were any, do not necessarily mean that any witness should be discredited.
15  Failure of recollection is common.  Innocent misrecollection is not uncommon.  Two persons
16  witnessing an incident or a transaction often will see or hear it differently.  You should consider
17  whether a discrepancy pertains to an important matter or only to something trivial.

18                                              13.

19    When a party has the burden of proof on any matter by a preponderance of the evidence,
20  it means you must be persuaded by the evidence that the matter is more probably true than not
21  true. You should base your decision on all of the evidence, regardless of which party presented
22  it.

23                                              14.

24    On any claim, if you find that each of the elements on which plaintiff Castillo has the
25  burden of proof has been proved, your verdict should be for him on that claim.

26                                              15.

27    In this case, the Court has already ruled that the arrest itself was lawful.  You must accept
28  that conclusion as a given.  The main issue for you to decide is whether excessive force was used

in carrying out the arrest, for even when a lawful arrest is made, officers may not use excessive force.

16.

Plaintiff Alexis Castillo claims defendant Officer Perry Hollis used excessive force in making a lawful arrest, and deprived him of the Fourth Amendment constitutional right to be free from an unreasonable seizure.

A law enforcement officer has the right to use such force as is reasonably necessary under the circumstances to make a lawful arrest. An unreasonable seizure occurs when a law enforcement officer uses excessive force in making a lawful arrest. In deciding whether excessive force was used, you should consider the totality of the circumstances at the time. The reasonableness of a particular use of force must be judged objectively from the information available at the time from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.

Whether force is reasonably necessary or excessive is measured by the force a reasonable and prudent law enforcement officer would use under the circumstances. Some of the things you may want to consider in determining whether Officer Hollis used excessive force are the severity of the crime at issue, whether plaintiff posed a reasonable threat to the safety of the officer or others, and whether plaintiff was actively resisting detention or attempting to escape.

17.

On plaintiff Castillo's excessive-force claim against Officer Hollis, plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

(1) The acts or omissions of Officer Hollis were intentional;

(2) He acted under color of law; and

(3) The acts or omissions of Officer Hollis were the cause of the deprivation of plaintiff Castillo's rights protected by the Constitution or laws of the United States.

If you find that each of the elements on which plaintiff has the burden of proof has been proved, your verdict should be for plaintiff. If, on the other hand, plaintiff has failed to prove

6

one or more of these elements, your verdict should be for defendant. The parties have stipulated that defendant Hollis acted under color of law.

18.

The conduct of a defendant is a cause of harm to plaintiff if it is a substantial factor in causing the harm. A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

19.

In this case, plaintiff Castillo has also sued the City and County of San Francisco. In order to establish liability against defendant City and County of San Francisco, plaintiff Castillo must prove by a preponderance of the evidence that he was a victim of excessive force in violation of the Fourth Amendment by reason of an official policy of the City and County of San Francisco. If you find that there was no excessive force, then you must find for the City and County of San Francisco. On the other hand, if you find that there was excessive force in violation of the Fourth Amendment, then you must determine whether plaintiff has proven by a preponderance of the evidence that the Fourth Amendment violation was a result of an official policy of the City and County of San Francisco.

20.

"Official policy" means:

(1) A rule or regulation promulgated, adopted or ratified by the governmental entity's legislative body;

(2) A policy statement or decision that is officially made by the city and county's policy-making official; or

(3) A custom that is a permanent, widespread, well-settled practice that constitutes a standard operating procedure of the city and county; or

(4) An act or omission ratified by the city and county's policy-making official.

21.

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for plaintiff Castillo, you must determine his damages. He has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate him for any injury you find was caused by defendants. You should consider the following:

(1) The nature and extent of the injuries;

(2) The disability, disfigurement, loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;

(3) The mental, physical, emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

(4) The reasonable value of necessary medical care, treatment, and services received to the present time;

(5) The reasonable value of necessary medical care, treatment, and services which with reasonable probability will be required in the future;

(6) The reasonable value of wages, earnings, earning capacity, salaries, employment and employment opportunities lost before plaintiff returned to work on January 26, 2005;

(7) The reasonable value of necessary expenses required to the present time; and

(8) The reasonable value of necessary expenses which with reasonable probability will be required in the future.

22.

Plaintiff Castillo has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

23.

In determining whether to award damages and how much to award, you must not consider any insurance that might affect how much plaintiff Alexis Castillo is obligated to pay out-of-pocket.

24.

The law which applies to this case authorizes an award of nominal damages. If you find for plaintiff Castillo but you find that he has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

25.

If you find for plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are not to compensate plaintiff, but to punish a defendant and to deter a defendant and others from committing similar acts in the future. Punitive damages in this case would be available only against Officer Hollis. Punitive damages may not be awarded against the City and County of San Francisco.

Plaintiff Castillo has the burden of proving, by a preponderance of the evidence, that punitive damages should be awarded. You may award punitive damages only if you find that defendant's conduct was malicious, oppressive or in reckless disregard of plaintiff Castillo's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of plaintiff's rights if, under the circumstances, it reflected complete indifference to plaintiff's safety and rights, or defendant acted in the face of a perceived risk that its actions would violate plaintiff's rights under the Fourth Amendment. An act or omission is oppressive if the person who performs or fails to perform it injures or damages or otherwise violates the rights of plaintiff with unnecessary

9

1 harshness or severity, such as by the misuse or abuse of authority or power or by the taking
2 advantage of some weakness or disability or misfortune of plaintiff.

3 Punitive damages may be awarded even if you award plaintiff only nominal, and not
4 compensatory, damages.

5 If you find that defendant Hollis's conduct was malicious, oppressive or in reckless
6 disregard of plaintiff Castillo's rights, you will determine the proper amount of punitive damages
7 in later deliberations. You do not need to calculate the amount of damages now.

26.

9 When you begin your deliberations, you should elect one member of the jury as your
10 presiding juror. That person will preside over the deliberations and speak for you here in court.

11 You will then discuss the case with your fellow jurors to reach agreement if you can do
12 so. Your verdict must be unanimous.

13 Each of you must decide the case for yourself, but you should do so only after you have
14 considered all of the evidence, discussed it fully with the other jurors, and listened to the views
15 of your fellow jurors.

16 Do not be afraid to change your opinion if the discussion persuades you that you should.
17 Do not come to a decision simply because other jurors think it is right.

18 It is important that you attempt to reach a unanimous verdict but, of course, only if each
19 of you can do so after having made your own conscientious decision. Do not change an honest
20 belief about the weight and effect of the evidence simply to reach a verdict.

27.

22 Some of you have taken notes during the trial. Whether or not you took notes, you
23 should rely on your own memory of what was said. Notes are only to assist your memory. You
24 should not be overly influenced by the notes.

28.

26 As I noted before the trial began, when you retire to the jury room to deliberate, you will
27 have with you the following things:
28 (1) All of the exhibits received into evidence;

10

(2)   An index of the exhibits if the lawyers are able to stipulate as to its form;

(3)   A work copy of these jury instructions for each of you;

(4)   A work copy of the verdict form for each of you; and

(5)   An official verdict form.

When you recess at the end of a day, please place your work materials in the brown envelope provided and cover up any easels with your work notes so that if my staff needs to go into the jury room, they will not even inadvertently see any of your work in progress.

29.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

30.

Shortly after you retire to begin your deliberations, please send out a note signed by your foreperson advising as what your hours for today will be so that counsel can be sure to be present at all times when you are in session in case they are needed and so the Court can do likewise.

You may only deliberate when all of you are together. This means, for instance, that in the mornings before everyone has arrived, or when someone steps out of the jury room to go to the restroom, you may not discuss the case. As well, the admonition that you are not to speak to anyone outside the jury room about this case still applies during your deliberations.

31.

After you have reached a unanimous agreement on a verdict, your foreperson will fill in the date, and sign the verdict form and advise the Court that you have reached a verdict. The foreperson should hold onto the filled-in verdict form and bring it into the courtroom when the jury returns the verdict. Than you for your careful attention. The case is now in your hands. You may now retire to the jury room and begin your deliberations.

Dated: March 13, 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE