IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS CASTILLO,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; PERRY HOLLIS;  MARTIN SCANLAN; DAVID SMITH;  RON ROTH;  COUNTY OF SAN MATEO;  FRANK KASTELL; SHERYL WOLCOTT;  and DOES 1–50,<br><br>  Defendants.<br>_____ / | No. C 05-00284 WHA<br><br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ALTER OR AMEND JUDGMENT AND FOR NEW TRIAL** |

**INTRODUCTION**

In this action alleging false arrest and excessive force, plaintiff Alexis Castillo moves for alteration or amendment of the judgment entered against him and for a new trial. The verdict against him will stand because it was not against the clear weight of the evidence and did not cause a miscarriage of justice. This order also maintains the summary judgment ruling he challenges because it was not clear error. One aspect of the judgment must be altered, however. Judgment was not entered in favor of defendants Scanlan, Roth and Smith on the false-arrest claims. That was an oversight. The motion to amend or alter the judgment is therefore **GRANTED IN PART AND DENIED IN PART**. The motion for a new trial is **DENIED**.

**STATEMENT**

Police arrested plaintiff at the San Francisco Airport after a security officer stopped him from taking a pair of metal shears into the gate area. He claims that he was handled with

excessive force after telling the police that his shoulder was fragile due to recent surgery. As a consequence of the purported abuse, he alleges that he suffered further injury to his shoulder.

On January 23, the Court denied plaintiff's motion for summary judgment against defendants the City and County of San Francisco, Perry Hollis, Martin Scanlan, Ron Roth and David Smith on the issue of false-arrest liability. The order granted the cross-motion on that issue brought by those defendants, as well by defendants County of San Mateo, Frank Kastell and Sheryl Wolcott. It also granted these latter three defendants summary judgment on the excessive-force claims brought against them.

After plaintiff dismissed the remaining excessive-force claims against defendants Scanlan, Roth and Smith, trial began on plaintiff's excessive-force claims against defendants Hollis and the City and County of San Francisco. The jury found that defendant Hollis did not use excessive force. The Court on March 16 entered judgment, based on the verdict, against plaintiff and in favor of defendants the City and County of San Francisco, Hollis, County of San Mateo, Frank Kastell and Sheryl Wolcott.[1]

**ANALYSIS**

**1.   NEW TRIAL.**

A decision whether to grant a new trial under Federal Rule of Civil Procedure 59 is made in the discretion of the trial court. *Allied Chem. Corp. v. Daiflon, Inc.*, 499 U.S. 33, 36 (1980). A court may set aside a verdict rendered contrary to the clear weight of the evidence or to prevent a miscarriage of justice. *Peacock v. Bd. of Regents of Univs. & State Coll. of Ariz.*, 597 F.2d 163, 165 (9th Cir. 1979). A verdict may also disregarded if it is otherwise "quite clear that the jury has reached a seriously erroneous result." *Digidyne Corp. v. Data Gen. Corp.*, 734 F.2d 1336, 1347 (9th Cir. 1984). A trial court is "not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." *Sentilles v. Inter-Caribbean Shipping Corp.*, 361 U.S. 107, 110 (1959). The court can only act if it has a "firm conviction"

---

[1] Plaintiff requests judicial notice of documents previously filed in this action. As part of the record, judicial notice of these items is unnecessary for their consideration in connection with the instant motion.

2

1 that the jury made a mistake. *Landes Constr. Co. v. Royal Bank of Can.*, 833 F.2d 1365, 1372
2 (9th Cir. 1987).

3 Plaintiff moves the Court to set aside the verdict and to enter a finding of liability in
4 favor of plaintiff or, alternatively, grant him a new trial. He claims the judgment was
5 "manifestly unjust and resulted in a miscarriage of justice."

6 In seeking a new trial, plaintiff's main line of attack is that a jury cannot absolve an
7 officer of liability when, as here, he or she handcuffed the plaintiff behind the back despite (1)
8 the fact that the plaintiff was cooperative with police and (2) the fact that the arresting officer
9 knew the plaintiff had an injury that might aggravated by such handcuffing.

10 In part, this argument rests on plaintiff's request that the Court discredit all testimony of
11 Officer Hollis that conflicted with what plaintiff said on the witness stand. "To the extent the
12 jury verdict was based on credibility findings made in [defendant] Hollis' favor on [disputed
13 issues of when and how much plaintiff complaint of pain] . . . it was against the clear weight of
14 the evidence . . ." (Br. 5). Plaintiff has put himself at a disadvantage by failing to order and
15 provide to the Court a transcript of Officer Hollis's testimony.

16 There was evidence at trial that defendant Hollis was told, as he took over plaintiff's
17 custody, that Mr. Castillo had informed police of his recent shoulder surgery. Defendants City
18 and County of San Francisco, Hollis, Scanlan, Roth and Smith contend, however, that Officer
19 Hollis testified that he did not learn that plaintiff was claiming any pain or discomfort from the
20 handcuffing until five minutes before reaching the jail (Opp. 8). At that point, the evidence
21 showed that they were on a busy freeway and, Officer Hollis stated, he felt it would be unsafe to
22 stop and reposition plaintiff's handcuffs. Plaintiff does not contend that Hollis admitted
23 knowing of the pain earlier. It thus seems eminently reasonable for the jury to have concluded
24 that defendant Hollis used force that was objectively reasonable under the circumstances of the
25 case. That is all the law requires to support the verdict. *LaLonde v.County of Riverside*, 204
26 F.3d 947, 959 (9th Cir. 2000).

27 Plaintiff asserts, however, that he is entitled to a new trial because there was undisputed
28 testimony that "defendant Hollis know that plaintiff had had recent shoulder surgery and had

expressed concern regarding it" (Br. 5). Plaintiff cites decisions from other circuits for the proposition that these facts alone would necessitate a finding of liability, or at least a new trial. This tactic is unavailing. We follow the law of the Ninth Circuit, not that of the Sixth or Eleventh Circuits.

Plaintiff cites three Ninth Circuit decisions. None of them supports his position. He gets *Alexander v. County of Los Angeles*, 64 F.3d 1315 (9th Cir. 1995), completely wrong. He claims that, in that decision, "police officers were found liable for using excessive force by refusing to remove or loosen a man's handcuffs for thirty-five to forty minutes, despite his statements that he was a dialysis patient" (Br. 6). In fact, *Alexander* reversed a grant of summary judgment in favor of the police officers on an excessive-force claim. The Ninth Circuit did not make any finding that the officers were liable. In addition, the court did not find that the refusal to loosen the handcuffs alone was enough to warrant reversal. Instead, there was a litany of alleged abuses that merited reversal and, even then, the court stated that it was a "close case."[2]

Plaintiff also cites *Headwaters Forest Defense v. County of Humboldt*, 240 F.3d 1185 (9th Cir. 2000), *vacated sub nom. County of Humboldt v. Headwaters Forest Def.*, 534 U.S. 801 (2001). In that decision, the Ninth Circuit held that a district court may not grant judgment as a matter of law on an excessive-force claim unless there was no evidence of alternatives to the type of force used by the officers. It is unclear what support plaintiff hopes to find in this citation. It addresses a different legal issue — judgment as a matter of law — and goes *whether* there were available alternatives, not whether an officer was reasonable in using the one he or she chose. *Headwaters Forest Defense* certainly does not suggest that a plaintiff is entitled to a new trial whenever evidence suggests that the handcuffing officer knew the plaintiff was injured.

---

[2] The other allegations of force supported by evidence was that the plaintiff was slammed against a car, his legs were kicked apart, and he was carried and pushed into the back of the police car with his hands behind his back. One officer remembered that when he handcuffed the plaintiff his "wrist was kind of mushy . . . and [the plaintiff] simultaneously stated that he was a dialysis patient." Plaintiff's "hands became swollen and turned blue. Nine months after this incident . . . his right hand was still swollen . . . [and] had a walnut-sized protrusion . . . . His right hand also remained numb, and he was not able to make a fist with it." *Alexander*, 64 F.3d at 1323.

4

Finally, plaintiff cites *Smith v. City of Hemet*, 394 F.3d 689, 703 (9th Cir. 2005) (en banc). He does not explain how it supports his case, stating merely, "On the issue of alternative means, see also *Smith* . . ." (Br. 7, n.4). *Smith* held that the district court had erred in granting summary judgment in favor of defendants on an excessive-force claim where there was evidence that the use of force was not reasonable. This evidence included that there were alternatives to unleashing a police dog on the suspect, as officers did. *Smith*, 394 F.3d at 703. That finding does not support plaintiff's motion

The jury's finding that defendant Hollis was not liable for excessive force was well within permissible limits of a jury's discretion. It would reflect gross disrespect for the jury to disregard its verdict. Given the absence of any constitutional tort by defendant Hollis, the City and County of San Francisco was entitled to judgment in its favor on the issue of its liability. Plaintiff's request for a new trial therefore is denied.

Plaintiff's request for entry of a finding of liability in his favor is a motion under Rule 50(b), although plaintiff labeled it as one under Rule 59. A party may not move for judgment as a matter of law after the return of a jury verdict unless it first made the motion at the close of the evidence. *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1029 (9th Cir. 2003). The docket does not reflect any such motion by plaintiff. He does not allege having made an initial motion. In their opposition, defendants claim that plaintiff did not. In his reply, plaintiff does not respond to defendants' argument on this point. Based on all this, this order concludes that plaintiff did not satisfy the prerequisites to bringing a renewed motion for judgment as a matter of law. The request for entry of judgment in plaintiff's favor on the excessive-force claim is therefore denied. Even if plaintiff had made a proper Rule 50(b) motion, it would be denied. His sole argument in support of it is that a police officer has used excessive force whenever (1) a cooperating suspect expressed concern about being injured by handcuffs, (2) the police officer knew of that concern and (3) the officer nevertheless handcuffed the person behind the back. Plaintiff cites no binding authority for that purported rule. The Court declines to strike out on this path. Doing so would prevent police from using reasonable handcuffing force whenever an

5

arrestee complains of an injury, no matter how credible the complaint or how latently dangerous the suspect might be.

### 2. MOTION TO AMEND SUMMARY JUDGMENT ON FALSE ARREST.

Plaintiff asks the Court to reverse its grant of summary judgment to all defendants on the false-arrest claims, and instead enter judgment in favor of plaintiff as to defendants City and County of San Francisco, Hollis, Scanlan, Roth and Smith.

Reconsideration of summary judgment is appropriate if the court is presented with newly discovered evidence, if it committed clear error, if the initial decision was manifestly unjust or if there is an intervening change in controlling law. "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Plaintiff's sole bases for seeking reconsideration are allegations that the ruling was "based on clear error" and resulted in "manifest injustice" (Reply 6).

The summary-judgment ruling held that the individual defendants had not violated the Fourth Amendment in arresting plaintiff because they had probable cause to believe he had violated California Penal Code Section 12020(a)(4). That statute bars carrying a dirk or dagger concealed upon the person. The only portion of the ruling on Section 12020 that plaintiff now disputes is that there was probable cause to believe that the weapon was carried upon his person. The shears were inside his carry-on luggage.

This order rejects plaintiff's contentions. The officers had probable cause to arrest plaintiff because there was a published California appellate decision holding that a handgun, when carried in personal luggage at an airport security checkpoint, is "upon the person." *People v. Dunn*, 61 Cal. App. 3d Supp. 12, 14 (Cal. App. Dep't Super. Ct. 1976). It was reasonable to transplant this definition of "upon the person" from the context of a handgun to the context of a dirk or dagger. The individual defendants here therefore had probable cause to believe plaintiff had violated the statute. Plaintiff contends strenuously that a California Court of Appeal decision holds to the contrary. *See People v. Ruiz*, 88 Cal. App. 502 (Cal. Dist. Ct. App. 1928). The Court notes that *Ruiz* is not binding authority on this Court. Even if this order

6

accepted plaintiff's interpretation of *Ruiz*, it would not render the summary judgment ruling clear error. It simply would mean that California judicial authorities conflict on the subject. Officers would still have been reasonable in following *Dunn*'s interpretation and ignoring that of *Ruiz*. They therefore would have had probable cause to arrest him.

Plaintiff's new citations to federal decisions from other circuits do not concern California law and thus offers no relevant insight. His citation to *United States v. Monclavo-Cruz*, 662 F.2d 1285 (9th Cir. 1981), is unpersuasive. That decision held only that the search of a purse at a police stationhouse did not fall within the exception to the Fourth Amendment warrant requirement for searches of clothes worn by a person in custody. *Id.* at 1289–90. This holding has no bearing on the construction of a California penal statute. Similarly weak is plaintiff's vague allusions to cases interpreting the statutory definition of a dirk or dagger as being a weapon that is "capable of ready use as a stabbing instrument." Cal. Penal Code § 12020(c)(24). Plaintiff seems to suggest that this language bears on the requirement that the dirk or dagger be carried upon the person. *See* Cal. Penal Code § 12020(a)(4). In fact, the "capable of ready use" language defines the characteristics of the *weapon*, whereas the requirement that it be carried up the person delineates the banned *conduct*. To blur them as plaintiff does treats the upon-the-person requirement as surplussage.

Other than the Court's supposedly erroneous legal conclusion on probable cause, plaintiff offers no other reason why this resulted in "manifest injustice."

For the reasons stated above, there was no clear error in the probable-cause ruling. There is no reason to re-examine the Court's alternative holding that officers would be entitled to qualified immunity for depending upon California Penal Code Section 171.5 as a basis for arresting plaintiff. That was an alternative ground only, unnecessary to the holding. Because the main basis for the ruling was not clear error, there is no need go into Section 171.5.

Without individual liability, there can be no municipal liability on the false-arrest claims. Plaintiff's motion for reconsideration of the liability of the City and County of San Francisco and of the County of San Mateo is therefore rejected. Because plaintiff has agreed

that the state-law and federal standards for false-arrest liability are identical, the request to reconsider the state-law rulings is also denied.

There is one flaw in the judgment that plaintiffs correctly point out. The document did not reflect a grant of judgment in favor of defendants Scanlan, Roth and Smith on the false-arrest claims. They were entitled to that judgment based upon the summary-judgment ruling. (They were dismissed from the action just before trial but only as to the remaining excessive-force claims.) The judgment is amended to reflect that oversight.

## CONCLUSION

For the reasons stated, plaintiff's motion to amend or alter the judgment is **GRANTED** only the extent necessary to add that judgment is entered in favor of defendants Scanlan, Roth and Smith on the false-arrest claims. All other relief, including a new trial, is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 11, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE